UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SAGE ALIXANDER,

    Plaintiff,

v.

KAISER FOUNDATION HEALTH PLAN OF WASHINGTON,

    Defendant.

NO. C17-1224RSL

ORDER DENYING MOTION TO DISMISS OR, IN THE ALTERNATIVE, COMPEL ARBITRATION

This matter comes before the Court on "Defendant's Rule 12(c) Motion to Dismiss, or in the Alternative, to Compel Arbitration." Dkt. # 15. Defendant argues that plaintiff's statutory discrimination and failure to accommodate claims are preempted under § 301 of the Labor Management Relations Act and/or that they are subject to arbitration under the Grievance Settlement Agreement negotiated between defendant and plaintiff's union representative. Having reviewed the memoranda, declarations, and exhibits submitted by the parties,[1] the Court finds as follows:

The Court assumes, for purposes of this motion, that the Grievance Settlement Agreement

---

[1] This matter can be resolved on the papers submitted. Plaintiff's request for oral argument is DENIED.

ORDER DENYING MOTION TO DISMISS
OR TO COMPEL ARBITRATION

is a "contract[] between an employer and a labor organization representing employees in an industry affecting commerce" for purposes of § 301(a). Plaintiff has not, however, triggered § 301 preemption by initiating a suit for violation of that contract. Plaintiff seeks to vindicate rights and protections afforded by state and federal anti-discrimination statutes. As a general matter, statutory claims that are independent of the contract between the employer and union are not preempted by § 301 and may, in fact, be litigated in parallel with a grievance for violation of the collective bargaining agreement, even where the claims arise out of the same events. See Valles v. Ivy Hill Corp., 410 F.3d 1071, 1076 (9th Cir. 2005) ("A claim brought in state court on the basis of a state-law right that is independent of rights under the collective-bargaining agreement[] will not be preempted, even if a grievance arising from precisely the same set of facts could be pursued.") (internal quotation marks and citation omitted).

Section 301 does not only preempt claims that are based on a violation of the collective bargaining agreement, however. It also preempts independent statutory and common law claims that are "substantially dependent on analysis of the collective bargaining agreement." Burnside v. Kiewit Pac. Corp., 491 F.3d 1053, 1059 (9th Cir. 2007). Section 301 preemption "has sprouted modestly" to subsume non-contract claims that would put the Court in a position of having to determine questions relating to what the parties to a labor agreement agreed or what legal consequences were intended to flow from breaches of the agreement or which are nominally tort claims but, in reality, are based on alleged breaches of duties created in the collective bargaining agreement. Livadas v. Bradshaw, 512 U.S. 107, 122-23 (1994). "When the meaning of contract terms is not the subject of dispute, the bare fact that a collective-bargaining agreement will be consulted in the course of state-law litigation plainly does not require the claim to be extinguished." Id. at 124. See also Kobold v. Good Samaritan Reg'l Med. Ctr., 832 F.3d 1024, 1033 (9th Cir. 2016) (a statutory claim is not substantially dependent on the terms of a collective bargaining agreement if the Court merely has to look at the agreement, rather than

1  interpret or construe it, to resolve the dispute).

2  Defendant argues that resolving plaintiff's statutory claims will require interpretation of
the Grievance Settlement Agreement to see if the arbitration provision applies to this dispute.
While defendant has articulated a disagreement involving the contract between the employer and
the union, a glance at the settlement agreement shows that the issue defendant raises is not
reasonably in dispute. "[A]rbitration is a matter of contract" and "arbitrators derive their
authority to resolve disputes only because the parties have agreed in advance to submit such
grievances to arbitration." AT&T Techs., Inc. v. Commc'ns Workers, 475 U.S. 643, 648-49
(1986). There is no indication in the language of the Grievance Settlement Agreement that the
parties intended to settle, release, or arbitrate plaintiff's statutory claims. The contract identifies
two grievances, both of which were based on alleged violations of the collective bargaining
agreement governing plaintiff's employment. Defendant and the union clearly stated their intent
"to fully resolve Grievance No. 1 and Grievance No. 2," *i.e.*, plaintiff's complaints of violation
of the collective bargaining agreement. The union agreed to withdraw the grievances with
prejudice in exchange for a lump sum payment to plaintiff (and certain additional non-monetary
benefits). There is no release of claims other than that subsumed in the withdrawal of the
grievances with prejudice. The Grievance Settlement Agreement is declared to be "the entire
agreement of the Parties," and any dispute arising thereunder "shall be subject to Arbitration."
Dkt. # 17 at 3. Defendant acknowledges that the agreement "does not contain any explicit
language regarding a full and final resolution of [p]laintiff's gender discrimination and failure to
accommodate claims . . . ." Dkt. # 15 at 8. Its unsupported insistence that it meant to settle the
state and federal statutory claims and that the settlement agreement therefore means what it does
not say is not enough to put the terms of the collective bargaining agreement in dispute. A
review of the agreement itself shows that there was no agreement to arbitrate plaintiff's statutory

claims.[2]

In the alternative, defendant argues that this matter must be referred to arbitration so that the arbitrator, rather than the Court, can determine whether there was an agreement to arbitrate. Such a procedure is not consistent with the governing law. Before a matter will be forced into arbitration, the Court must determine (a) whether a valid agreement to arbitrate exists and (b) whether a particular dispute falls within the scope of the agreement. United Steelworkers of Am. v. Warrior & Gulf, 363 U.S. 574, 582-83 (1960). There is an agreement to arbitrate disputes arising under the Grievance Settlement Agreement, but, as discussed above, plaintiff's statutory claims do not fall within the scope of that agreement. Because "it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute," defendant's alternative request that the Court compel arbitration is denied. Cumberland Typographical Union 244 v. The Times, 943 F.2d 401, 404 (4th Cir. 1991).

For all of the foregoing reasons, defendant's motion to dismiss or, in the alternative, to compel arbitration (Dkt. # 15) is DENIED.

Dated this 4th day of May, 2018.

*[signature]*
Robert S. Lasnik
United States District Judge

---

[2] Defendant's shock that plaintiff would be so bold as to claim a right to pursue her state and federal statutory claims after having resolved her contractual claims through the grievance process (Dkt. # 22 at 3) is hardly credible given the governing case law and the language of the Grievance Settlement Agreement. If the Court were to consider the extrinsic evidence regarding the parties' intent at the time the settlement agreement was signed, defendant's espoused position would be sanctionable. Because the inapplicability of § 301 preemption is clear without resort to the extrinsic evidence, the Court has not considered that evidence or evaluated its admissibilty.